# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **A.P.**

**No. 20-0629** (Kanawha County 18-JA-756)

## MEMORANDUM DECISION

Petitioner Father K.P., by counsel Christopher C. McClung, appeals the Circuit Court of Kanawha County's July 2, 2020, order terminating his parental rights to A.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Katherine A. Campbell, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Matthew Smith, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying him a post-adjudicatory improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed a petition against petitioner and A.P.'s mother in December of 2018 based upon allegations of domestic violence and drug abuse. A caseworker spoke to the mother, who reported that petitioner frequently hit and choked her during arguments. The mother also reported a time when petitioner held a knife to her throat in the child's presence. The DHHR further alleged that petitioner had pending criminal charges for possession of methamphetamine and for possessing a firearm despite being prohibited by law from doing so.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner does not assign as error the termination of his parental rights to the child.

In February of 2019, the circuit court held an adjudicatory hearing. Petitioner failed to attend but was represented by counsel. After hearing testimony, the circuit court adjudicated petitioner as an abusing parent. Petitioner claims that he requested an improvement period and his motion was held in abeyance. Nonetheless, services such as parenting and adult life skills classes and random drug screens were offered to petitioner throughout the proceedings.

The circuit court held a dispositional hearing via phone conference in July of 2020. The circuit court was advised that petitioner had recently been arrested for domestic battery and was incarcerated. A Child Protective Services ("CPS") worker testified that petitioner had been incarcerated on and off throughout the proceedings. The worker stated that petitioner was provided services during times when he was not incarcerated, but his participation was sporadic. The worker testified that petitioner failed to respond to service providers' attempts to schedule services, failed to submit to any drug screens, and visited with the child against the circuit court's no-contact order. Following testimony, the circuit court terminated petitioner's parental rights upon finding that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future and that termination of his parental rights was necessary for the child's welfare. In support of its decision, the circuit court noted that petitioner had not made sufficient efforts to rectify the circumstances that led to the petition's filing and that he failed to follow through with services. Petitioner appeals the July 2, 2020, dispositional order.[3]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying him a post-adjudicatory improvement period. Petitioner claims that the DHHR could have used the year his motion was held in abeyance to provide him services. "Instead, nothing was done, and the cycle continued and the petitioner ended up incarcerated again for similar domestic issues." Petitioner acknowledges that he needed to address the issues of abuse and neglect and claims that with proper treatment, he could have done so.

---

[3]The mother's parental rights were terminated below. The permanency plan for the child is adoption by the foster family.

At the outset we note that petitioner fails to cite to any portion of the record demonstrating that he requested, either orally or in writing, a post-adjudicatory improvement period. Further, a review of the docket sheet shows that no motions for an improvement period were filed. This Court has long held, "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009).

Nevertheless, even assuming that petitioner did properly request an improvement period, we find no error in the circuit court's refusal to grant the same. The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements[.]"). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence that the respondent is likely to fully participate in the improvement period.'" *In re Charity H.*, 215 W. Va. 208, 215, 599 S.E.2d 631, 638 (2004) (quoting W. Va. Code § 49-6-12(b)(2) (1996)).

Here, petitioner failed to demonstrate that he was likely to fully participate in a post-adjudicatory improvement period. Contrary to petitioner's claims, he was provided with services throughout the proceedings despite not having been granted a formal improvement period. However, the CPS worker testified at the dispositional hearing that petitioner failed to respond to service providers' attempts to schedule parenting and adult life skills classes and failed to submit to drug screens. Petitioner also violated the circuit court's order directing him not to contact the child. Moreover, petitioner was incarcerated off and on throughout the proceedings and, as of the dispositional hearing, remained incarcerated on a domestic battery charge. Accordingly, there was no evidence establishing that petitioner met his burden of demonstrating entitlement to an improvement period, and we find no error in the circuit court's decision.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 2, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: December 10, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison